STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 85-6-14 Vtec |

| Moore Property Use Complaint | JUDGMENT ORDER |

The matter presently before the Court relates to approximately 10 acres of land formerly part of the Moore Family Farm ("the Farm"), located in the Town of Pomfret, Vermont ("the Town"). In 1973, the 10 acre parcel ("the Property") was deeded to David Moore in his individual capacity for the purpose of operating a pipe organ construction and repair shop ("Organ Shop"). The Property now consists of the Organ Shop and various associated structures which are used, in part, to process and store lumber harvested from the Farm's forest lands. This lumber is used in the Organ Shop as well as on the Farm.

In 2013, the Supreme Court concluded a matter initiated by neighboring landowners Gary Smith and Betsy Siebeck ("Appellants"), finding that the structures used to carry out Mr. Moore's lumber processing activities are exempt from local zoning regulation as "practices associated with" farming. In re Moore Accessory Structure Permit, 2013 VT 54, ¶ 5, 194 Vt. 159. Now before the Court is Appellants' appeal from a decision by the Town of Pomfret Zoning Board of Adjustment ("ZBA") declining Appellants' request to bring further enforcement actions against Mr. Moore and his use of the Property and structures. Mr. Moore now moves to dismiss Appellants' current appeal as a matter of law under the doctrines of claim and issue preclusion.

Appellants' Questions generally ask whether Mr. Moore needs additional permits under the Bylaws for certain non-farm related uses of the permitted and exempt structures on the Property, including the processing and/or sale of lumber as well as uses related to the Organ Shop. For the reasons stated in greater detail in the Decision that accompanies this Judgment Order, we find that the issues raised in Appellants' current appeal have already been litigated in Docket No. 161-08-09 Vtec, a proceeding in which there was a final judgment on the same subject matter, involving the same parties. In that Docket, Appellants raised Questions about

1

whether Mr. Moore's use of the structures at issue in this appeal required a permit from the Town of Pomfret and it was determined by this Court and the Vermont Supreme Court that they do not. Both Appellants and the courts were aware of Mr. Moore's use of the structures for non-Farm related purposes, and the courts considered those uses when rendering their decisions.

With the objectives of conserving resources by protecting courts and litigants against piecemeal or repetitive litigation, preventing vexatious litigation, promoting finality of judgment and encouraging reliance on judicial decisions, and limiting the possibility of inconsistent adjudication, we conclude that Appellants may not relitigate these issues. We therefore **GRANT** Mr. Moore's motion to dismiss all of Appellants' Questions and their appeal.

This completes the proceedings currently before this Court.


Electronically signed on April 21, 2015 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division